UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,  Case # 15-CR-6157-FPG

v.  DECISION AND ORDER

NATHANIEL IRVIN,
          Defendant.

## INTRODUCTION

On November 15, 2016, Defendant Nathaniel Irvin pled guilty to Count I of the indictment, which charged a violation of 21 U.S.C. § 841(a) (possession of heroin with intent to distribute). ECF Nos. 114, 116. On February 14, 2017, the Court sentenced Defendant to 60 months in prison with three years of supervised release. ECF No. 134.

On December 20, 2018, Defendant filed a *pro se* motion wherein he asks the Court for "leave to proceed *pro se* and disclosure [of] grand jury transcripts." ECF No. 143. Defendant's motion is DENIED.

## DISCUSSION

It is unclear why Defendant is asking to proceed *pro se* at this juncture, as this case has been closed for over two years. Accordingly, this request is denied.

As to Defendant's request for grand jury transcripts, he contends that he was "prosecuted on a false pretense indictment that was not lawfully drawn and never presented to a grand jury" and that "there is no way of determining whether [he] was ever actually indicted." ECF No. 143.

Matters that occur before the grand jury are secret and grand jury proceedings are afforded a "presumption of regularity." *See United States v. Dacunto*, No. 00 CR 620(AGS), 2001 WL 13343, at *10 (S.D.N.Y. Jan. 5, 2001) (citing Fed. R. Crim. P. 6(e)(2)). Under the Federal Rules of Criminal Procedure, grand jury proceedings may be disclosed "at the request of a defendant

1

who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(e)(ii). But "[d]isclosure of grand jury minutes is extraordinary relief that will be granted only upon a compelling showing of particularized need." *United States v. Vendetti*, No. 10-CR-360-RJA-JJM, 2013 WL 5522860, at *9 (W.D.N.Y. Jan. 22, 2013), *Report & Recommendation adopted*, 2013 WL 5522434 (Oct. 3, 2013) (citation omitted); *see also United States v. Vaughan*, No. 10 Cr. 233(CM), 2010 WL 3025648, *3 (S.D.N.Y. July 27, 2010) ("To warrant the 'extraordinary relief' of disclosure of grand jury proceedings, a criminal defendant must make a specific factual showing."). "Mere speculation and surmise as to what occurred before the grand jury is not a substitute for fact." *Vendetti*, 2013 WL 5522860, at *9 (citation omitted).

Here, Defendant's speculative and conclusory allegations that he was prosecuted under a faulty indictment and that information was not presented to the grand jury fail to establish that he is entitled to the extraordinary relief of disclosure of the grand jury transcripts. *See Dacunto*, 2001 WL 13343, at *10; *see also United States v. Wilson*, 565 F. Supp. 1416, 1436 (S.D.N.Y. 1983) (noting that an "unsupported view that abuses may have occurred . . . with respect to the grand jury system is insufficient . . . to overcome the presumption of regularity of the grand jury proceedings"). Therefore, Defendant's motion for grand jury transcripts is denied.

## CONCLUSION

For the reasons stated, Defendant's motion (ECF No. 143) is DENIED.

IT IS SO ORDERED.

Dated: March 14, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Judge

2